UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN LUIS & DELTA-MENDOTA WATER AUTHORITY, *et al.*, <br><br>　　Plaintiffs, <br><br>　v. <br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, <br><br>　　Defendants. | 1:11-cv-00952 LJO GSA <br><br>ORDER TO SHOW CAUSE RE LIKELIHOOD THAT ISSUES RAISED IN THE PENDING CROSS MOTIONS WILL BE OF PRACTICAL IMPORTANCE DURING THIS WATER YEAR |

　　This case presents a conflict between two provisions of the 1992 Central Valley Improvement Act ("CVPIA"), Pub. L. No. 102-575, 106 Stat. 4700 (1992). CVPIA § 3406(b)(2) requires the Secretary of the Interior (the "Secretary") to dedicate 800,000 acre feet ("AF") of water to serve certain fish and wildlife restoration purposes. CVPIA § 3411(b) requires the Secretary to comply with a 1985 Agreement Between the United States of America and the Department of Water Resources of the State of California for Coordinated Operation of the Central Valley Project and the State Water Project (otherwise referenced as "Coordinated Operations Agreement" or "COA"), which in turn requires the Bureau of Reclamation ("Reclamation") to export as much water as possible when the Delta is in "excess water"[1] conditions.

　　Plaintiffs, San Luis & Delta-Mendota Water Authority ("Authority") and one of the Authority's Member Districts, Westlands Water District ("Westlands"), filed this lawsuit on June 9, 2011, during a period when the Delta was in "excess water conditions," complaining that, contrary to the mandate in CVPIA § 3411(b) to export as much water as possible, Defendants ordered reduced export pumping for

---

[1] "Excess water conditions" are defined in the COA as "periods when it is agreed that releases from upstream reservoirs plus unregulated flow exceed Sacramento Valley inbasin uses plus exports." COA ¶ 3(c), Doc. 14-1 at p. 7 of 46.

1

a two-week period starting on June 8, 2011, pursuant to the Secretary's authority under § 3406(b)(2). Plaintiffs' motion for preliminary injunctive relief was denied, *see* Docs. 38 & 49, and the pumping reduction expired of its own accord.

Currently pending before this Court are cross-motions for summary judgment in the above-captioned matter. *See* Docs. 99 & 100. Also pending before the undersigned are highly complex cross-motions in a related case concerning "Excess Releases" from the Trinity River Division of the Central Valley Project, *San Luis & Delta-Mendota Water Authority. v. Jewell*, Case No. 1:13-cv-01232-LJO-GSA ("Trinity Division Excess Releases Case"), as well as a preliminary injunction motion in yet another related case concerning water transfers from north-of-Delta to south-of-Delta water users, *Aqualliance v. U.S. Bureau of Reclamation*, 1:14-cv-00945 LJO BAM ("Water Transfer Case"). From the Court's preliminary review of the Trinity Division Excess Release Case and the Water Transfer Case, both raise issues that have a strong likelihood of having practical import in the near term, given current dry/drought conditions. In contrast, the issues raised in the above-captioned matter appear upon preliminary review more likely to be relevant in times of hydrologic plenty. In order for the Court to best allocate its resources to deciding pending matters in a timely manner, the Parties are ORDERED TO SHOW CAUSE in writing on or before July 11, 2014 why it is of practical importance for this Court to rule on the pending motions in this case before the end of the water year (September 30, 2014). The parties are directed to file a <u>brief</u> joint response to this order to show cause. If all parties agree that an accelerated timeline is unnecessary, the joint report may simply so indicate. If any party believes a more accelerated timeline is necessary, they shall present a suggested deadline and specific justification for it.

**IT IS SO ORDERED**.
Dated:  June 24, 2014

                                            /s/ Lawrence J. O'Neill
                                          United States District Judge